IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| IN RE | : | |
| | : | Case No. 20-11658 |
| **RONALD REAGAN BRAZEAL** | : | Chapter 13 |
| | : | Judge JERRY C. OLDSHUE |
| Debtor | : | |

### IN REM ORDER ON MOTION TO IMPOSE
### AND EXTEND AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. §362(c)(3)

This matter coming before the Court on August 5, 2020, on the Debtor's Motion to Impose and Extend Stay pursuant to 11 U.S.C. 362(c)(3) and the Response in Opposition filed by U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust (hereinafter "Creditor"), and after consideration of the Motion, the Response, and the statements of counsel for the parties, it is **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Debtor's Motion to Impose and Extend Stay pursuant to 11 U.S.C. 362(c)(3) is **GRANTED** as to the Creditor and the property located at 2612 Glass Ave., Mobile, AL 36617 (the "Property").

2. Commencing upon entry of this Order, for a period of **TWELVE (12) MONTHS**, should the Debtor default under the mortgage agreement between the parties by failing to make payments due on the 14th day of each month commencing August 14, 2020, and continuing through July 14, 2021, the Creditor may file with the Court a Notice of Default giving the Debtor twenty (20) days to cure such default. A copy of the Notice of Default shall also be mailed to the Debtor.

3. If the default is not cured within twenty (20) days from the date the notice is issued, then the Creditor may file a Notice of Termination of Stay with the Court and mail a copy to the Debtor. Waiver of any event of default shall not constitute waiver of a subsequent default.

4. Upon filing the Notice of Termination of Stay as provided above, the stay provided by 11 U.S.C. § 362(a) shall be vacated under 11 U.S.C. § 362(d)(1) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in conformity therewith, this Notice of Termination of Stay terminating the automatic stay under 11 U.S.C. § 362(a) as to Creditor's interest in the Property shall be IN REM and binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Creditor's interest in the Property.

5. Commencing August 1, 2021, for a period of **TWELVE (12) MONTHS**, should the Debtor default under the mortgage agreement between the parties by failing to make payments due on the 1st day of each month beginning August 1, 2021, and ending July 1,

2022, the Creditor may file with the Court a Notice of Default giving the Debtor twenty (20) days to cure such default. A copy of the Notice of Default shall also be mailed to the Debtor.

6. If the default is not cured within twenty (20) days from the date the notice is issued, then the Creditor may file a Notice of Termination of Stay with the Court and mail a copy to the Debtor. Upon filing the Notice of Termination of Stay, the stay shall lift without further Order from the Court.

7. In the event that Debtor fails to cure the default as set forth in Paragraph 7, above, Creditor 11 U.S.C. § 362(a) is vacated under 11 U.S.C. § 362(d)(1) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property.

8. Upon lifting of the stay, the Creditor shall be allowed to communicate with the Debtor as required under the note and mortgage or under applicable state law. Waiver of any event of default shall not constitute waiver of a subsequent default.

9. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

Dated: September 1, 2020

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE

This Order was submitted to the Debtor's attorney to review prior to submission to the Court and was approved for submission.

This document was prepared by:
Mark A. Baker, ASB 2549-E57M
3550 Engineering Drive, Suite 260
Atlanta, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: mbaker@mtglaw.com
Attorneys for Creditor

PARTIES TO RECEIVE COPIES:

Ronald R. Brazeal
2612 Glass Ave.
Mobile, AL 36617

Cynthia D. Brazeal
2612 Glass Ave.
Mobile, AL 36617

Stephen L. Klimjack
1252 Dauphin St
Mobile, AL 36604

Daniel B. O'Brien
Chapter 13 Trustee
P.O. Box 1884
Mobile, AL 36633

Mark A. Baker
3550 Engineering Drive, Suite 260
Atlanta, GA 30092